RECEIVED

MAY 1 2 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**RYAN OWENS,**
**Plaintiff,**

v.

**WILLOW BRIDGE PROPERTY COMPANY, Churchill Woodlands East LLC et al.,**
**Defendants.**

**Case No.:**

## COMPLAINT FOR VIOLATION OF THE FAIR HOUSING ACT (RETALIATION)

1. This action arises from Defendants' retaliatory escalation toward eviction and displacement following Plaintiff's documented complaints regarding unsafe and materially uninhabitable conditions within a multi-story residential building during a severe winter weather event.

2. Rather than meaningfully engage with Plaintiff's concerns regarding safe occupancy, accessibility-related conditions, and loss of essential services, Defendants escalated directly toward legal enforcement and possession proceedings through counsel.

3. Plaintiff brings this action pursuant to the Fair Housing Act, 42 U.S.C. § 3617, which prohibits coercion, intimidation, threats, or interference with persons exercising rights protected under federal housing law.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the Fair Housing Act, 42 U.S.C. § 3617.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this district.

## III. PARTIES

6. Plaintiff Ryan Owens is an individual residing in Davidson County, Tennessee.

7. Defendant Willow Bridge Property Company is a business entity engaged in property management and operated the residential property at issue.

8. Defendant Churchill Windlands East LLC is the owner and/or controlling entity of the residential property at issue.

## IV. FACTUAL BACKGROUND

9. Plaintiff resided in a multi-story residential building managed and/or controlled by Defendants.

10. During a severe winter weather event in January 2026, the building experienced prolonged disruption of essential services, including loss of power, heat, lighting, elevator access, and reliable emergency functionality.

11. The outage conditions materially interfered with Plaintiff's ability to safely use and occupy the dwelling.

12. Plaintiff was repeatedly required to leave the property during freezing conditions in order to obtain basic necessities, maintain communication capability, charge devices, and access safe conditions.

13. The conditions were not isolated to Plaintiff's individual unit and affected multiple portions of the building.

14. Plaintiff observed that surrounding residential and commercial properties in the surrounding area appeared operational during portions of the outage period while the subject property continued experiencing disruption of essential services.

15. Plaintiff documented and reported these conditions to Defendants through written communications and formal complaints.

16. Shortly after Plaintiff's formal escalation of concerns and complaints regarding the conditions, restoration activity occurred at the property.

17. The timing of the restoration activity contributed to Plaintiff's concern that the outage conditions may have involved building-level response or management issues rather than solely unavoidable regional conditions.

18. Plaintiff's communications raised concerns relating to safe occupancy, accessibility-related limitations caused by prolonged elevator interruption within a multi-story building, emergency conditions, and interference with ordinary residential use of the property.

19. Rather than engage in ordinary management-level resolution or cure-oriented discussions, Defendants escalated rapidly toward legal enforcement and possession proceedings through counsel.

20. Defendants initiated and/or pursued displacement-oriented action against Plaintiff within close temporal proximity to Plaintiff's complaints regarding the conditions.

21. Plaintiff contends that Defendants' actions constituted retaliatory interference with Plaintiff's continued use and enjoyment of housing following Plaintiff's protected housing-related complaints and assertions of rights.

## V. CLAIM FOR RELIEF
## (42 U.S.C. § 3617 – RETALIATION / INTERFERENCE)

22. Plaintiff incorporates the foregoing allegations as if fully stated herein.

23. Plaintiff engaged in protected activity by asserting housing-related complaints concerning unsafe occupancy conditions, loss of essential services, and accessibility-related limitations affecting use of the dwelling.

24. Defendants were aware of Plaintiff's complaints and communications.

25. Shortly thereafter, Defendants escalated toward possession and displacement proceedings through counsel.

26. The close temporal relationship between Plaintiff's complaints and Defendants' subsequent actions supports an inference of retaliatory intent and interference with Plaintiff's housing rights.

27. Defendants' conduct interfered with Plaintiff's continued use and enjoyment of housing and created imminent housing instability and displacement pressure.

28. Defendants' conduct constitutes retaliation and/or interference in violation of 42 U.S.C. § 3617.

## VI. DAMAGES

29. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including:

a. Housing instability and displacement-related harm;

b. Interference with safe use and enjoyment of the dwelling;

c. Out-of-pocket expenses relating to transportation, applications, food loss, relocation concerns, and basic necessities;

d. Emotional distress, anxiety, stress, and uncertainty associated with unsafe conditions and threatened displacement;

e. Other damages to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial;

B. Award punitive damages as permitted by law;

C. Award costs and fees as permitted under applicable law;

D. Grant injunctive and equitable relief as appropriate;

E. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

Ryan Owens
200 E Webster St #204
Madison, TN 37115
615-924-9318
rowens2026@outlook.com
Pro Se Plaintiff

RECEIVED

MAY 1 2 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Sam Bowling
and
Ryan Owens

2 Seperate filings

Thank You!

615-924-9318