# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

RYAN OWENS,                          )
                                     )
    Plaintiff,               )
                                     )
v.                                   )   **Case No. 3:26-cv-00630**
                                     )   **Judge Trauger**
WILLOW BRIDGE PROPERTY               )
COMPANY, et al.,                     )
                                     )
    Defendants.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Owens, a resident of Madison, Tennessee, filed a pro se Complaint against Willow Bridge Property Company and Churchill Woodlands East LLC, claiming retaliation under the federal Fair Housing Act (FHA), 42 U.S.C. § 3617. (Doc. No. 1.) The plaintiff also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3), and an Emergency Motion for Expedited Review. (Doc. No. 4.)

### I. PAUPER APPLICATION

The plaintiff's IFP application lists reasonable monthly expenses that exceed his past level of monthly income, as well as his future expected monthly income. It states that his available resources came from his tax refund, which "is all [he] ha[s] to rent a hotel room as [he is] being evicted, thus the reason for the TRO." (Doc. No. 2 at 5.) He elsewhere states that he "has recently secured new employment and is actively attempting to stabilize housing and financial conditions." (Doc. No. 4 at 1.) It therefore appears that the plaintiff cannot at this time pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x

239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

A. Legal Standard

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at \*1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 144 S. Ct. 1316, 2024 WL 2751216, at \*3 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

B. Allegations and Claims of the Complaint

The Complaint invokes the court's federal-question jurisdiction and asserts a single claim: "retaliation/interference" under the FHA, 42 U.S.C. § 3617. (Doc. No. 1 at 1–2, 4.) It claims that

2

Willow Bridge Property Company (the property manager at the plaintiff's apartment complex) and Churchill Woodlands East LLC (the owner of the property) retaliated against the plaintiff for exercising his right under the FHA to lodge complaints related to safety, accessibility, and other housing concerns in the wake of the ice storm that gripped the Nashville area in January 2026. (*Id.* at 1–3.) The storm produced a prolonged and widespread power outage, during which the plaintiff's unit and "multiple [other] portions of the building" lost "power, heat, lighting, elevator access, and reliable emergency functionality." (*Id.* at 2, 3.) "The outage conditions materially interfered with Plaintiff's ability to safely use and occupy the dwelling," and he "was repeatedly required to leave the property during freezing conditions in order to obtain basic necessities, maintain communication capability, charge devices, and access safe conditions." (*Id.* at 2.)

The plaintiff observed that other "residential and commercial properties in the surrounding area appeared operational during portions of the outage period while [his] property continued experiencing disruption of essential services." (*Id.* at 3.) He informed the defendants of his dissatisfaction with the living conditions on the property "through written communications and formal complaints." (*Id.*) These "communications raised concerns relating to safe occupancy, accessibility-related limitations caused by prolonged elevator interruption within a multi-story building, emergency conditions, and interference with ordinary residential use of the property" (*id.*), as well as "loss of essential services." (*Id.* at 4.) Shortly after the plaintiff's complaints were lodged, "restoration activity occurred at the property," contributing to his "concern that the outage conditions may have involved building-level response or management issues rather than solely unavoidable regional conditions." (*Id.* at 3.)

Rather than respond to the plaintiff's complaints, the defendants allegedly moved to evict him using "legal enforcement and possession proceedings through counsel," which were initiated

3

"within close temporal proximity" to his complaints. (*Id.*) The plaintiff asserts that his complaints were protected activity; that the defendants were aware of them; and that the defendants' subsequent eviction action in close proximity to the plaintiff's complaints "supports an inference of retaliatory intent and interference with Plaintiff's housing rights." (*Id.* at 4.) He seeks an award of damages and "injunctive and equitable relief as appropriate." (*Id.* at 5.)

C. Analysis

The FHA is an anti-discrimination statute. *See Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 530, 545 (2015) (considering FHA in light of "two other antidiscrimination statutes that preceded it"). Under the FHA's anti-retaliation provision, 42 U.S.C. § 3617, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The plaintiff does not allege that he took any action to aid or encourage another person's exercise of housing rights, so to plausibly claim retaliation under Section 3617, he must first establish that he himself "exercised or enjoyed a right guaranteed by §§ 3603–06." *Lawrence Cnty. Recovery, LLC v. Vill. of Coal Grove, OH*, 784 F. Supp. 3d 1050, 1070 (S.D. Ohio 2025) (quoting *Hood v. Midwest Sav. Bank*, 95 F. App'x 768, 779 (6th Cir. 2004)); *see Linkletter v. W. & S. Fin. Grp., Inc.*, 851 F.3d 632, 639 (6th Cir. 2017) ("Section 3617 requires a nexus with the rights protected by §§ 3603–06, without requiring an actual violation of the underlying provisions."). As pertinent here, sections 3603–3606 confer rights to be free from discrimination in regard to the terms, conditions, or privileges of housing (including housing transactions and the provision of brokerage services), "because of race, color, religion, sex, [handicap,] familial status, or national origin." 42

4

Case 3:26-cv-00630    Document 8    Filed 05/26/26    Page 4 of 7 PageID #: 31

U.S.C. §§ 3603(a), 3604(b), (f)(2), 3605(a), 3606. Thus, "[t]he plaintiff must show a discriminatory animus for section 3617 claims." *Jones v. Pontiac Housing Comm'n*, No. 2:25-CV-10681, 2025 WL 4720311, at *5 (E.D. Mich. Nov. 6, 2025) (citing *Linkletter*, 851 F.3d at 639, and *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012)).

"Discriminatory animus requires plaintiffs to put forth some evidence of discriminatory effect or intent on the defendant's part." *Linkletter*, 851 F.3d at 639 (quoting *Campbell v. Robb*, 162 F. App'x 460, 474 (6th Cir. 2006)) (cleaned up). Here, the Complaint does not charge the defendants with discriminatory intent or motive, but merely charges them with failing to "meaningfully engage" with the plaintiff's housing complaints and opting instead to seek his eviction. (Doc. No. 1 at 1.) The district court in *Jones v. Pontiac Housing Comm'n* addressed a similar complaint, as follows:

> Here, Jones claims that Defendants retaliated against her because she complained about her housing conditions. But this is not exercising a right protected by the Fair Housing Act. *See* 42 U.S.C. § 3604. Instead, the Fair Housing Act protects the right to be free of discrimination in housing-related situations. *See id.* And because Jones fails to allege that the lack of repairs was motivated by a discriminatory animus, such complaints were not an exercise of a right under the Fair Housing Act so as to qualify as a protected activity under the Act's anti-retaliation provision. *See Agbuke* [*v. Redford Villa Condo Ass'n*, 2009 WL 3271209 at *1, *3 [(E.D. Mich. Oct. 13, 2009)] (finding that making complaints cannot sustain a § 3617 claim in the absence of any showing of discriminatory animus); *see also Hood*, 95 F. App'x at 779 (requiring firstly that a plaintiff show that she "exercised or enjoyed a right guaranteed by §§ 3603–06"); *Linkletter*, 851 F.3d at 639. Therefore, Jones's retaliation claims will be dismissed.

*Jones*, No. 2:25-CV-10681, 2025 WL 4720311, at *5 (E.D. Mich. Nov. 6, 2025).

Likewise, the plaintiff in the case before this court fails to allege that discriminatory animus motivated either the defendants' initial failure to take action to restore power (and the "essential services" that require power) in the apartment building, or their initiation of eviction proceedings against him. Section 3617's implementing regulations make clear that the section prohibits acts

5

directed at individuals "because of" their membership in a protected class. 24 C.F.R. § 100.400(c)(2) (listing prohibited conduct to include "[t]hreatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or national origin of such persons"). The plaintiff has not alleged that he is a member of a protected class who was exercising or enjoying any right to be free from discrimination in housing which the defendants interfered with, nor did his complaints about what he perceived to be a comparatively slow-footed response to the outage conditions constitute protected discrimination complaints under the FHA. Even assuming that the defendants' institution of eviction proceedings against the plaintiff was related to his complaints of their mismanagement of the outage situation, the allegations of the Complaint do not establish that he "exercised or enjoyed a right guaranteed by §§ 3603–06," *Lawrence Cnty. Recovery*, 784 F. Supp. 3d at 1070, nor do they support any reasonable inference of a discriminatory motive on the defendants' part. *Cf. Pedro v. Hilton Worldwide, Inc.*, No. 24-CV-5725, 2025 WL 220023, at *7 (E.D. Pa. Jan. 16, 2025) ("Although the Complaint baldly describes the Defendants' [filing of an ejectment action] as discriminatory and retaliatory, no facts support those accusations. Accordingly, Pedro and Fisher have not stated a discrimination or retaliation claim under the FHA … based on their ejectment[.]"). Accordingly, the Complaint fails to state a plausible claim under Section 3617 and must be dismissed.

### III. CONCLUSION

For the above reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. In light of the dismissal, the plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) and Emergency Motion for Expedited Review (Doc. No. 4) are **DENIED** as moot.

6

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

7